G. & L. REALTY CO., INC., Respondent, v. DAISY FRIEDMAN, Appellant.

(Supreme Court, Appellate Term, First Department, January, 1919.)

Accord and satisfaction — when established — landlord and tenant — evidence — when judgment granted to defendant.

A tenant, though her landlord was willing to stand a part of the expense, insisted that under the lease the landlord was liable in the full amount of a bill for repairs to the premises which the tenant had paid, and she sent a check for the rent less the amount of said bill, indorsed "In full payment of rent," etc., itemizing the deduction on the back of the check. By telephone and letter the attorney for the landlord notified the tenant that he would deposit the check and commence dispossess proceedings unless the balance of the rent was paid, and after drawing a line through said indorsements on the check he deposited the same and brought an action to recover the balance. *Held*, that the evidence established an accord and satisfaction and that a judgment in plaintiff's favor, based upon a ruling that the defense of accord and satisfaction had not been established, will be reversed and judgment granted to the defendant.

APPEAL from a judgment of the Municipal Court of the city of New York, borough of Manhattan, seventh district, rendered in favor of the plaintiff in the sum of $79.41.

Louis J. Moss, for appellant.

Samuel A. Berzick, for respondent.

*Per Curiam.* The parties hereto are landlord and tenant. The premises concerned is a summer hotel known as " The Breakers," located at Far Rockaway, in the city of New York, which the defendant had leased for a period of five years. Prior to the opening of the hotel in the spring of 1918, she inspected the premises and found that certain repairs were necessary to put the plumbing of the house in order, and that many of the electric light bulbs were missing from their sockets. Defendant caused the lights to be restored and the plumbing repaired, the bill therefor amounting to sixty-three dollars and fifty cents. A dispute arose as to whether under the terms of the lease this bill was to be paid by the plaintiff or by the defendant, and plaintiff conceded that it was willing to stand eight or ten dollars of the expense. Defendant insisted, however, that plaintiff was liable for the full bill, and accordingly when making her remittance for the May installment of rent, amounting to one thousand dollars, she deducted the sixty-three dollars and fifty cents therefrom, and sent a check for nine hundred and thirty-six dollars and fifty cents, with the notation endorsed on the back thereof " In full payment of rent for the Breakers due May 1, 1918." The deduction was also itemized on said check. Upon the receipt of the check the attorney for the plaintiff telephoned to the defendant and notified her that he would

deposit the check and cause her to be dispossessed if the remaining sixty-three dollars and fifty cents were not forthcoming. He also wrote a letter to the defendant along the same line. Thereafter he drew a line through the endorsements mentioned above, deposited the check, and instituted this action to recover the balance. The defendant relied upon the defense of accord and satisfaction, and the court below holding that such defense was not established, gave judgment for the plaintiff for the full amount.

We think the ruling of the trial justice constitutes reversible error. All the elements of an accord and satisfaction were established by the uncontested facts in the case. There was an honest dispute between the parties, in good faith, and there was an acceptance of the amount tendered in accord. The judgment should therefore be reversed with thirty dollars costs and judgment granted for the defendant with appropriate costs in the court below.

Present: Guy, Bijur and Delehanty, JJ.

Judgment reversed, with costs.